**Affirmed and Opinion filed December 22, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00769-CR

## ROBBY JO HOVIS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1411661**

## O P I N I O N

Appellant Robby Jo Hovis challenges her conviction for intoxication manslaughter. Her sole complaint is that the trial court erred in failing to give the jury an instruction under article 38.23 of the Texas Code of Criminal Procedure. We affirm.

### FACTUAL BACKGROUND

Around 2:00 a.m., appellant drove her truck through a red light and hit the

complainant's car as it travelled through the intersection. The truck made impact with the car's driver's-side door. The car's driver, complainant Anita Benton, suffered multiple, severe, blunt-force trauma injuries. By the time the police arrived a few minutes later, the complainant was dead. The complainant's teenage daughter was pulled unconscious from the passenger side of the car. Appellant got out of her truck and laid down in the nearby grass. Appellant and the teenage daughter were flown by helicopter to a hospital for treatment.

Officer Nicholas Slight spoke with appellant at the scene of the accident and a few hours later at the hospital. During their hospital visit, appellant stated that she had one alcoholic drink with dinner earlier in the evening before the crash. Officer Slight observed appellant, and noticed that she smelled of alcohol and had red, bloodshot eyes. Officer Slight performed a horizontal gaze nystagmus test in which he observed six out of six possible clues of intoxication. Officer Slight requested a sample of appellant's blood. A hospital nurse drew the blood using a police kit. Derek Sanders analyzed two vials of blood on two separate occasions to determine appellant's blood-alcohol concentration and got four results within the appropriate range of variance. The lowest result indicated appellant's blood-alcohol concentration was .099.

Appellant was indicted for intoxication manslaughter. She pled "not guilty." After trial by jury, the jury found appellant guilty as charged. The jury assessed punishment at twenty years' confinement.

## ISSUE AND ANALYSIS

In a single issue, appellant asserts that the trial court erred in failing to instruct the jury to disregard evidence of appellant's blood-alcohol content obtained from the blood samples Sanders analyzed, if the jury concluded the State obtained the evidence in violation of appellant's constitutional rights or Texas law.

The Fourth Amendment to the United States Constitution secures "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV; *see also* Tex. Const. art. I § 9. Taking a blood specimen is a search and seizure under the Fourth Amendment. *See Weems v. State*, 493 S.W.3d 574, 577 (Tex. Crim. App. 2016). Searches conducted without a warrant are per se unreasonable under the Fourth Amendment unless they are subject to an exception. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). Voluntary consent to search is an exception to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

Texas Code of Criminal Procedure article 38.23 prohibits the use at trial of evidence obtained in violation of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West, Westlaw through 2015 R.S.). Under article 38.23, "[i]n any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.* A defendant is entitled to this instruction if: (1) the evidence heard by the jury raises an issue of fact, (2) the defendant affirmatively contests the evidence on that fact, and (3) the contested factual issue is material to the lawfulness of the challenged conduct. *See Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). When the evidence does not raise a fact issue, the trial court should not charge the jury under article 38.23(a). *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).

Appellant asserts that she raised a fact issue regarding the lawfulness of the blood draw because she did not "sign the consent form proffered by Officer Slight" and she testified that she could not remember whether she told him she consented

to the blood draw. At trial, appellant testified that she could not remember whether she consented to giving a blood sample, nor could she recall much about her time in the hospital. Appellant also testified that she had no recollection of her time at the hospital.

Officer Slight testified that he advised appellant that she would be placed under arrest and that he read her the appropriate statutory warnings before asking for a blood sample. The form appellant references is not a consent form. The form is the DIC-24 statutory warning form. The form contains the warnings that Officer Slight read to appellant. The warnings inform an individual asked to provide a breath or blood specimen of the consequences of failure to consent. The form contains a place for an individual to sign to indicate the individual's refusal to provide a specimen. There is no place on the form for an individual to give consent. According to Officer Slight, appellant orally consented to giving a blood sample. The lack of a signature on the DIC-24 form is consistent – not inconsistent – with giving oral consent.

Sarah Dowden, a nurse at the hospital treating appellant, stated that she asks patients several times if they are sure they want to consent to giving a blood sample. Dowden testified that appellant was very open about giving the blood sample, her consent was evident, and appellant "just wanted to get it over with." Dowden collected the blood specimen from appellant.

Appellant's inability to remember whether she consented is not inconsistent with the testimony from the nurse and the police officer that appellant consented. *See Serrano v. State*, 464 S.W.3d 1, 7–8 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). We conclude the evidence does not raise a fact issue regarding consent. *See Madden*, 242 S.W.3d at 515–16. Because the evidence does not raise a fact issue as to appellant's consent, the trial court did not err in failing to submit a jury

instruction under article 38.23. *See id.*; *Serrano*, 464 S.W.3d at 7–8. We overrule appellant's issue.

## CONCLUSION

The trial did not err in failing to instruct the jury under article 38.23 because the evidence did not raise a fact issue regarding appellant's consent to the blood draw. Having overruled appellant's sole appellate argument, we affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Publish — TEX. R. APP. P. 47.2(b).